UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL TRIPLETT, | No. 2:22-cv-0083 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| FCI HERLONG, WARDEN, | |
| Respondent. | |

Petitioner, a federal inmate[1] proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before the court is respondent's motion to dismiss.  ECF No. 6.  Petitioner has filed a reply.  ECF No. 7.  For the reasons stated below, the court will recommend that respondent's motion be granted.

---

[1] Although petitioner was housed at FCI-Herlong at the time of filing, (see ECF No. 1 at 1), it appears that he is no longer incarcerated there.  See ECF No. 9 (petitioner's notice of change of address to residential location, dated 1/17/23); see also Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search Find By Number field for "29658-044" or search Find By Name field for First Name "Darrell," Last Name "Triplett") (last visited March 31, 2023).  According to the inmate locator, petitioner is currently in a Residential Reentry facility.  Petitioner remains in custody for present purposes.  See United States v. Burke, 694 F.3d 1062, 1066-67 (9th Cir. 2012) (finding inmate released from prison into halfway house at direction of Attorney General was in custody); United States v. Jones, 569 F.2d 499, 500-501 (9th Cir. 1978) (implying participation in halfway house program by designation of Attorney General constitutes custody given that one may escape from house).

1

I.   PROCEDURAL HISTORY

Petitioner filed the petition on or about January 11, 2022.[2] ECF No. 1 at 9. On March 25, 2022, respondent filed the motion to dismiss. ECF No. 6. On April 13, 2022, petitioner filed his opposition to the motion. ECF No. 7 at 1. Respondent did not file a reply. Thereafter, in September 2022, petitioner filed an unsolicited brief which cited to "additional new authority" he would like the court to consider. ECF No. 8 at 1, 6. The matter is fully briefed and ready for review.

II.   THE PETITION

Petitioner contends that his Fifth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment were violated when the Bureau of Prisons ("BOP") revoked his home confinement. ECF No. 1 at 6, 22. The petition alleges as follows. In December 2020, pursuant to the CARES Act,[3] petitioner was permitted to serve his sentence on home confinement. He began doing so at the residence of Debra Thompkins ("Thompkins") and his daughter. On or around April 22, 2021, believing that petitioner was texting with someone with whom he should not be interacting, Thompkins called the detention center/halfway house and told officials there that she was returning petitioner to them. As a result, petitioner was sent back to prison without due process. ECF No. 1 at 12.

Thompkins eventually realized that she had made a mistake – that petitioner had been texting with an old friend, not an improper individual. ECF No. 1 at 12. In May 2021, Thompkins wrote a letter to FCI-Terminal Island in order to explain her mistake and to ask that petitioner be returned to home confinement. Id. at 12, 23-24. In July 2021, petitioner wrote a

---

[2] The court applies the mailbox rule, under which the date an inmate's pleading is signed may be considered the constructive filing date. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010).

[3] The "CARES Act" is the Coronavirus Aid, Relief, and Economic Security Act. It was promulgated in 2020. In relevant part, during the covered period, the CARES Act permits the BOP to increase the maximum amount of time it may place a prisoner in home confinement under the first sentence of 18 U.S.C. § 3624(c)(2). See CARES Act, Pub. L. No. 116-136 § 12003(b)(2), 134 Stat. 281 (2020). The first sentence of 18 U.S.C. § 3624(c)(2) permits the placement of a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or six months. See 18 U.S.C. § 3624(c)(2).

letter to the residential center as well. Id. at 25-28. He asks that the court place him back on home confinement. See id. at 8, 22.

### III. MOTION TO DISMISS

#### A. Respondent's Motion

Respondent presents three grounds for dismissal: (1) 28 U.S.C. § 2241(a) and (c)(3) confer a general grant of habeas jurisdiction when an inmate contends that he is in custody in violation of the Constitution or laws or treaties of the United States, but the petition does not do this; (2) the court lacks jurisdiction to consider the petition due to a lack of standing and ripeness, because petitioner is challenging the BOP's exercise of discretionary placement on petitioner's sentence end-phase community confinement and the court lacks authority to compel BOP discretionary action; and (3) petitioner has not exhausted his administrative appeal of the BOP's discretionary decision that he serve his sentence at FCI-Herlong. ECF No. 6 at 2-6.

#### B. Petitioner's Reply and Supplement

Petitioner counters that he is, in fact, challenging the "fact or duration of [his] physical confinement." ECF No. 7 at 3-4 (brackets added). He argues that keeping him in a crowded prison where social distancing is needed in order to avoid contraction of the highly contagious and sometimes fatal COVID-19 makes the fact of his confinement unlawful under the Eighth Amendment. Id. at 3-4.

Petitioner also argues that his problem with the BOP exercising its discretion to return him to prison is not meritless. See ECF No. 7 at 4. He contends that several facts, including his minimal risk pattern score, the fact that he has a valid driver's license and a bank account, and the fact that he has successfully complied with halfway house rules, require the court to order that he be returned to home confinement. Id. at 4-5. Finally, in petitioner's unsanctioned supplement to his opposition, he appears to argue that Concepcion v. United States, 142 S. Ct. 2389 (2022), gives this court substantial discretion to modify his sentence.[4] ECF No. 8 at 4-5.

---

[4] The court notes that the supplement simply appears to be a regurgitation of facts from the Concepcion case. It makes no substantial argument indicating how Concepcion applies to petitioner's case. See generally ECF No. 8.

3

IV.  DISCUSSION

    A.  Court Has No Jurisdiction Under 28 U.S.C. § 2241

Section 2241 authorizes habeas relief for federal prisoners who are in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(1), (3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Accordingly, jurisdiction is conferred only if petitioner is both in custody and he is challenging the lawfulness of that custody. Munoz v. Smith, 17 F.4th 1237, 1241 (9th Cir. 2021); Bailey v. Hill, 599 F.3d 976, 979-80 (9th Cir. 2010).

If success on a petitioner's claim "would not necessarily lead to his immediate or earlier release from confinement," then it "does not fall with 'the core of habeas corpus'." Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir 2016); see Munoz, 17 F.4th at 1240. Habeas corpus relief is not available to prisoners who attack the terms and conditions of their confinement. See Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).

At the core of petitioner's claim is his disagreement with the BOP's revocation of home confinement. He does not challenge the fact or lawfulness of his custody, but only where he must serve the custodial portion of his sentence. Petitioner does assert that he was denied due process prior to revocation of home confinement, id. at 19-22, and he states in conclusory terms that the revocation of his parole constitutes cruel and unusual punishment, id. at 6, 17, 22.[5] However, none of these arguments, if successful, would lead to petitioner's immediate or earlier release from custody. The length of custody remains the same whether the time is served in a prion, a halfway house, or on home confinement.

Petitioner's allegations that his return to prison exposed him to COVID-19 do not provide a basis for habeas relief. Even if petitioner had presented facts suggesting a viable claim of unconstitutional conditions of confinement, that issue cannot be presented under Section 2241. See Crawford, 599 F.2d at 891-92.

////

---

[5] Although petitioner raises the Eighth Amendment, cruel and unusual punishment claim, he provides no substantive argument in support of it. See generally ECF No. 1.

4

Concepcion, supra, is inapposite. In Concepcion, a case involving the scope of district court discretion in resentencing under the First Step Act, the Supreme Court held that district courts must consider intervening changes in law that are presented by the parties. 142 S. Ct. 2389. The present case involves neither the First Step Act nor resentencing by the district court.

For all the reasons explained above, petitioner's claims do not fall within the core of habeas and the court cannot consider them.

### B. Petitioner Lacks Standing Given Discretionary Nature of End-Phase Sentencing

Article III of the Constitution limits the "judicial power" of the United States to the resolution of "cases" and "controversies." Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc., 454 U.S. 465, 471 (1982). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir. 2010) (citation and internal quotation marks omitted).

A district court has no jurisdiction over discretionary designation decisions. See Rodriguez v. Copenhaver, 823 F.3d 1238, 1242 (9th Cir. 2016); see, e.g., Close v. Thomas, 653 F.3d 970, 973 (9th Cir. 2011) (federal courts lack jurisdiction to review BOP's individualized Residential Drug Abuse Treatment Program determinations made pursuant to statute); United States v. Dragna, 746 F.2d 457, 458 (9th Cir. 1984) (where statute delegated decision of place of confinement to Bureau of Prisons, district court exceeded its jurisdiction by attempting to assert authority over location of confinement); United States v. Ceballos, 671 F.3d 852, 855 (9th Cir. 2011) (quoting Dragna). Where there is no case or controversy, the court lacks jurisdiction. See Article III, § 2, cl. 1; see Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981) (court lacks discretion to consider merits of case over which it is without jurisdiction).

Respondent argues that petitioner, who was placed on home confinement for sentence end-phase programming under the CARES Act, is contesting the BOP's *exercise of discretionary placement* on sentence end-phase community confinement. ECF No. 6 at 2 n.1 (emphasis in original); he is not contesting the constitutionality of the BOP's policies. Because placement is purely discretionary, respondent argues, the Attorney General's decision does not amount to a deprivation of a liberty interest. Id. at 3. The court agrees.

The governing statute, 34 U.S.C. § 60541(g), establishes that placement in home confinement is a discretionary decision for the Attorney General. See, e.g., 34 U.S.C. § 60541(g)(1)(B) (stating Attorney General *may* release *some or all* offenders from BOP facilities upon written request from BOP). Because the BOP has the discretion to return petitioner to home confinement, to keep him in prison, or to place him in a residential reentry program, petitioner was not deprived of any constitutionally protected liberty interest when the BOP opted to have him returned to prison. See Munoz v. Ashcroft, 339 F.3d 950, 954 (9th Cir. 2003) (because discretionary relief is privilege created by Congress, denial of such relief cannot violate substantive interest protected by Due Process Clause); see also Diaz-Lozano v. B.M. Trate, No. 1:22-cv-1403 JLT SKO (HC), 2022 WL 17417716, at *1 (E.D. Cal. Dec. 5, 2022) ("Petitioner cannot base a federal habeas petition on the CARES Act . . . [T]he BOP's determination remains discretionary and outside the scope of a Section 2241 petition."). Without a violation of a constitutional right, petitioner has no standing to file a petition under Section 2241, which requires that the pleader be "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3).

Because petitioner lacks standing and the court lacks jurisdiction, the undersigned need not reach the issue of administrative exhaustion.

V.   PLAIN LANGUAGE SUMMARY OF THIS ORDER FOR A PRO SE LITIGANT

This court cannot consider your Section 2241 petition. The Department of Justice has discretion to make decisions about whether sentences are finished out in prison, in a halfway house, or on home confinement. The courts are not involved in this, and you have no right to home confinement that you can ask the court to enforce.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be DENIED, and
2. This matter be DISMISSED, and

     3.  The court DECLINE to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

     These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  See 28 U.S.C. § 2253(c)(2).  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 3, 2023

                           ALLISON CLAIRE
                           UNITED STATES MAGISTRATE JUDGE